MICHAEL J. HEYMAN
United States Attorney

SETH M. BEAUSANG
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Seth.Beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | No. 3:25-cv- |
| APPROXIMATELY $2,623.00 IN U.S. CURRENCY and APPROXIMATELY $11,877.00 IN U.S. CURRENCY, | |
| Defendants. | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through counsel, alleges the following:

**I. NATURE OF THE ACTION**

1.  This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) for the forfeiture of the Defendants in rem.

//

//

2. The Defendants in rem are comprised of:

    a. approximately $2,623.00 in U.S. currency, seized from Daniel Ray Whittington on or about January 17, 2025, in Anchorage, Alaska; and

    b. approximately $11,877.00 in U.S. currency, seized from Whittington on or about July 7, 2025, in Anchorage, Alaska.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1395 because the Defendant in rem was seized within the District of Alaska.

## III. RELEVANT FACTS

5. On or about January 17, 2025, Daniel Whittington was a patient at Alaska Regional Hospital.

6. Whittington was observed arriving to Alaska Regional in a 2011 Ram truck.

7. Whittington's nurse was tending to him when she located a meth pipe in his pants pocket. Once she found it, Whittington began to get aggressive with her and attempted to cover up his duffle bag that was in the hospital room with him.

8. The nurse called security and while Whittington was in another treatment room, an Alaska Regional security officer searched his belongings. Alaska Regional security officers conduct searches to ensure the safety and well-being of staff and other patients.

9. During the search of Whittington's duffle bag, the Alaska Regional security

*U.S. v. Approx. $2,623.00, et al.*      3:25-cv-
Verified Complaint for Forfeiture In Rem      Page 2 of 8
Case 3:25-cv-00343-HRH    Document 1    Filed 12/05/25    Page 2 of 8

officer located a large quantity of methamphetamine, a Crown Royal bag with approximately $2,263.00 in U.S. currency inside, and .25 caliber ammo. The Alaska Regional security officer seized the methamphetamine.

10. Alaska Regional security officers called law enforcement officers (LEOs) who responded to the scene.

11. LEOs interviewed Whittington who denied the methamphetamine or cash was his and denied that he was engaged in drug distribution. Whittington admitted that the duffle bag looked like his bag.

12. LEOs obtained a search warrant for Whittington's truck and the duffle bag.

13. In the truck, LEOs found drug packaging material consistent with drug distribution.

14. LEOs seized the approximately $2,623.00 in U.S. currency and the methamphetamine that the Alaska Regional security officers had seized from the duffle bag.

15. On or about April 15, 2025, Whittington was indicted in Case No. 3:25-cr-00027-TMB-KFR (D. Alaska) for Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), on January 17, 2025, at Alaska Regional.

16. On April 21, 2025, the U.S. District Court issued a warrant for Whittington's arrest.

17. On June 30, 2025, Anchorage Police Department (APD) officers responded to an apartment on Boundary Avenue in Anchorage in reference to a report of misconduct

*U.S. v. Approx. $2,623.00, et al.* 3:25-cv-
Verified Complaint for Forfeiture In Rem Page 3 of 8
Case 3:25-cv-00343-HRH Document 1 Filed 12/05/25 Page 3 of 8

involving a weapon. Specifically, Whittington was reported to have discharged a firearm causing a bullet to go through the floor and enter a neighbor's apartment.

18. Whittington left before officers arrived carrying a black backpack.

19. A search warrant was executed on the apartment identified as Whittington's and inside APD officers found firearms, over 367 grams of methamphetamine, two ounces of powder fentanyl, a small amount of heroin, and numerous items associated with drug trafficking.

20. On July 7, 2025, APD officers responded to Whittington's apartment after receiving a report that Whittington was inside.

21. Eventually, Whittington exited the apartment and was arrested.

22. APD officers found on Whittington's person a large amount of cash and three cell phones.

23. It is common for persons involved in drug trafficking to carry multiple cell phones and a large amount of cash which is often proceeds of drug trafficking and money intended to pay for drugs. Drug trafficking is largely a cash business.

24. Whittington appeared to be under the influence when he was arrested and was taken to Alaska Regional. Whittington told Alaska Regional staff that he had consumed a large amount of liquid methamphetamine before being taken into custody.

25. LEOs executed a search warrant for Whittington's apartment.

26. Inside the apartment, LEOs found a backpack style purse on the stove containing a drug kit and approximately $1,500 in U.S. currency. A meth pipe and small plastic container were found in the drug kit. The plastic container had plastic bags with

small amounts of presumed cocaine inside and three small bags with mushrooms.

27. LEOs located documents inside the apartment belonging to Whittington. The apartment had only men's clothing and shoes; there did not appear to be any female belongings inside.

28. LEOs identified a 2008 GMC Sierra truck that Whittington drove to the apartment before he was arrested.

29. The truck had a transfer pending. LEOs spoke to the transferee who stated that he had sold the truck to Whittington in April 2025. LEOs reviewed a bill of sale which showed that Whittington agreed to purchase the truck.

30. LEOs saw inside the truck in plain view the black backpack that Whittington was observed carrying on June 30, 2025.

31. On July 8, 2025, LEOs executed a search warrant for the truck. Inside LEOs found a digital scale, approximately 1.25 pounds of methamphetamine, a small amount of cocaine, approximately $3,160.00 in U.S. currency, and a bank receipt from Credit Union 1 for a $7,600.00 withdrawal with Whittington's name and presumed bank account number on it.

32. During the time period of July 7-8, 2025, LEOs seized a total of approximately $11,877.00 in U.S. currency from Whittington's person, truck, and apartment.

33. On July 8, 2025, LEOs interviewed Whittington. Whittington gave conflicting answers about whether he owned the seized currency.

34. On August 22, 2025, the Bureau of Alcohol, Tobacco, Firearms and

*U.S. v. Approx. $2,623.00, et al.* 3:25-cv-
Verified Complaint for Forfeiture In Rem Page 5 of 8
Case 3:25-cv-00343-HRH    Document 1    Filed 12/05/25    Page 5 of 8

Explosives (ATF) timely noticed the approximately $11,877.00 in U.S. currency on July 8, 2025, for administrative forfeiture pursuant to 18 U.S.C. § 983.

35. On September 14, 2025, ATF received a claim from Whittington for the approximately $11,877.00 in U.S. currency. In the claim, Whittington stated that he had recently withdrawn the currency from the bank and that the currency was not involved in any illegal activity.

36. The Defendants in rem are presently in the possession, custody, or control of the United States and are not presently subject to any judicial restraining order.

37. The Defendants in rem are likely drug proceeds and/or property intended to facilitate drug trafficking. As such, the Defendants in rem are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

## IV. CLAIM FOR RELIEF

WHEREFORE, Plaintiff United States of America prays that:

A. A Warrant In Rem issue for the arrest of Defendants in rem;

B. That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

C. That judgment be entered declaring Defendants in rem be forfeited to the United States of America for disposition according to law, and

D. For such relief as this Court may deem just and proper, together with the costs and disbursements of this action.

//

//

U.S. v. Approx. $2,623.00, et al. 3:25-cv-
Verified Complaint for Forfeiture In Rem Page 6 of 8
Case 3:25-cv-00343-HRH   Document 1   Filed 12/05/25   Page 6 of 8

RESPECTFULLY SUBMITTED this 4th day of December 2025, in Anchorage, Alaska.

    MICHAEL J. HEYMAN
    United States Attorney

    */s/ Seth Beausang*
    SETH BEAUSANG
    Assistant United States Attorney
    United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on the filing date, a true copy of the foregoing was served certified mail, return receipt requested, on:

Daniel Whittington
Anchorage Correctional Center
1300 E 4th Ave
Anchorage, AK 99501

*/s/ Seth Beausang*
Assistant United States Attorney

U.S. v. Approx. $2,623.00, et al.     3:25-cv-
Verified Complaint for Forfeiture In Rem     Page 7 of 8
Case 3:25-cv-00343-HRH     Document 1     Filed 12/05/25     Page 7 of 8

# VERIFICATION

I, Aaron Ybarra, hereby verify and declare under the penalty of perjury that I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief. The sources of my knowledge and information and the grounds for my belief include official files and records of the United States, publicly available files and historical information, files and records compiled by local and state law enforcement agencies, information supplied to me by other law enforcement officers and other witnesses, as well as my investigation in this case, together with others, as well as my training and experience.

_____
Aaron R. Ybarra
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives (ATF)

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746

*U.S. v. Approx. $2,623.00, et al.* 3:25-cv-
Verified Complaint for Forfeiture In Rem Page 8 of 8
Case 3:25-cv-00343-HRH    Document 1    Filed 12/05/25    Page 8 of 8